UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JORDAN HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 3174 |
| | ) | |
| vs. | ) | Judge Sue E. Myerscough |
| | ) | Magistrate Judge Byron G. Cudmore |
| PIKE COUNTY, Pike County Sheriff's | ) | |
| Deputy JORDAN GERARD, Star 103, and | ) | |
| Pike County Corrections Officer | ) | |
| THERESA PERSONETT, | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT

1.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and statutes of the State of Illinois.

2.     Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claim is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.     Plaintiff is a resident of Coal City, Illinois.

5.     The incident alleged herein occurred when Plaintiff was 16 years old. Pursuant to 735 ILCS 5/13-211, the statute of limitations on this claim is two years from the date Plaintiff turned 18. Plaintiff turned 18 September 12, 2009.

6.     Defendant-Officers JORDAN GERARD and THERESA PERSONETT are duly appointed and sworn Pike County Sheriff's Deputies. At all times relevant to this Complaint, GERARD and PERSONETT were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. Defendant PIKE COUNTY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officer.

**Facts**

9. On or about January 1, 2008, Plaintiff was driving on Rodgers Street in Barry, Illinois, with two friends.

10. Defendant-Officer JORDAN GERARD pulled out of a bank parking lot and followed Plaintiff's car.

11. GERARD flashed his lights to signal Plaintiff to pull over.

12. Defendant-Officer GERARD had not observed Plaintiff commit any traffic violation.

13. Defendant-Officer GERARD had not observed any malfunction of the safety equipment on Plaintiff's car.

14. Plaintiff pulled over.

15. Three police vehicles surrounded Plaintiff's car, including a vehicle carrying a drug sniffing dog.

16. GERARD approached Plaintiff's vehicle asked for Plaintiff's license and insurance.

17. Plaintiff complied and produced his drivers license and insurance card.

18. GERARD asked Plaintiff to step out of the vehicle.

19. Plaintiff complied.

20. Plaintiff asked why the officers stopped him.

21. GERARD stated that "the main reason for the stop" was to question Plaintiff about drug use.

22. GERARD placed Plaintiff in the front seat of his squad car and began asking him questions about whether he had drugs or ever sold drugs.

23. Plaintiff stated that he did not have any drugs or sell drugs.

24. GERARD accused Plaintiff of being defensive.

25. Plaintiff stated that he was becoming frustrated because he had not done anything

wrong, and that he did not like being accused of selling drugs.

26. Another officer approached GERARD and stated that the passengers of Plaintiff's car said that Plaintiff had cannabis.

27. This was a lie.

28. Plaintiff again stated that he did not have drugs.

29. GERARD said the fact that Plaintiff was defensive was a sign of guilt.

30. GERARD ordered the other officers present to remove the passengers from Plaintiff's vehicle.

31. Officers then searched Plaintiff's vehicle.

32. An officer told GERARD that cannabis seeds had been found on the passenger floorboard of Plaintiff's vehicle.

33. GERARD handcuffed Plaintiff.

.     34. GERARD ordered Plaintiff's car towed.

35. GERARD then drove Plaintiff to Pike County Jail.

36. During the drive, GERARD told Plaintiff that the police would forget the whole incident if the Plaintiff would become a confidential informant.

37. GERARD told Plaintiff that he had a limited time to decide on this offer and that a lawyer could not be present when Plaintiff made the decision.

38. When Plaintiff arrived at Pike County Jail, he was strip searched by Defendant-Officer THERESA PERSONNET a female.

39. The strip search was partially recorded on video.

40. Plaintiff was then placed on a bench and handcuffed.

41. Plaintiff was given citations for a defective right turn signal, failure to notify the secretary of state of a change of address, possession of drug paraphernalia, and possession of cannabis.

42. GERARD never observed Plaintiff make a right turn.

43. All the charges were dismissed.

44. GERARD acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

45. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

46. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

47. Defendant-Officer GERARD did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was involved in criminal activity at the time he stopped Plaintiff's car and seized Plaintiff.

48. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer GERARD,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Unreasonable Search of Person)

49. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

50. THERESA PERSONETT strip-searched Plaintiff.

51. This search violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against PERSONETT,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

52. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

53. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant PIKE COUNTY is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant PIKE COUNTY to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595