IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JORDAN HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2011 CV 3174 |
| | ) | |
| PIKE COUNTY, Pike County Sheriff's | ) | Judge Sue E. Myersough |
| Deputy JORDAN GERARD, and | ) | Magistrate Judge Byron G. Cudmore |
| Pike County Corrections Officer | ) | |
| THERESA PERSONETT, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

    1.    This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and statutes of the State of Illinois.

**ANSWER:**    Defendants admit the allegations set forth in paragraph 1.

    2.    Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claim is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**    Defendants admit the allegations set forth in paragraph 2.

    3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:**    Defendants admit the allegations set forth in paragraph 3.

    4.    Plaintiff is a resident of Coal City, Illinois.

**ANSWER:**    Defendants have insufficient information to either admit or deny the allegations set forth in paragraph 4 and therefore deny said allegations.

    5.    The incident alleged herein occurred when Plaintiff was 16 years old. Pursuant to 735 ILCS 5/13-211, the statute of limitations on this claim is two years from the date Plaintiff turned 18. Plaintiff turned 18 in September 2009.

**ANSWER:**    Defendants admit that the appropriate statute of limitations is two years from the date Plaintiff turned 18. Defendants deny the remaining allegations set forth in paragraph 5.

6. Defendant-Officers JORDAN GERARD and THERESA PERSONETT are duly appointed and sworn Pike County Sheriff's Deputies. At all times relevant to this Complaint, GERARD and PERSONETT were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations set forth in paragraph 6.

7. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations set forth in paragraph 7.

8. Defendant PIKE COUNTY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officer.

**ANSWER:** Defendants admit the allegations set forth in paragraph 8.

9. On or about January 1, 2008, Plaintiff was driving on Rodgers Street in Barry, Illinois, with two friends.

**ANSWER:** Defendants admit the allegations set forth in paragraph 9.

10. Defendant-Officer JORDAN GERARD pulled out of a bank parking lot and followed Plaintiff's car.

**ANSWER:** Defendants admit the allegations set forth in paragraph 10.

11. GERARD flashed his lights to signal Plaintiff to pull over.

**ANSWER:** Defendants admit the allegations set forth in paragraph 11.

12. Defendant-Officer GERARD had not observed Plaintiff commit any traffic violation.

**ANSWER:** Defendants deny the allegations set forth in paragraph 12.

13. Defendant-Officer GERARD had not observed any malfunction of the safety equipment on Plaintiff's car.

**ANSWER:** Defendants deny the allegations set forth in paragraph 13.

14. Plaintiff pulled over.

**ANSWER:** Defendants admit the allegations set forth in paragraph 14.

15. Three police vehicles surrounded Plaintiff's car, including a vehicle carrying a drug sniffing dog.

**ANSWER:** Defendants deny the allegations set forth in paragraph 15.

16. GERARD approached Plaintiff's vehicle asked for Plaintiff's license and insurance.

**ANSWER:** Defendants admit the allegations set forth in paragraph 16.

17. Plaintiff complied and produced his driver's license and insurance card.

**ANSWER:** Defendants admit the allegations set forth in paragraph 17.

18. GERARD asked Plaintiff to step out of the vehicle.

**ANSWER:** Defendants admit the allegations set forth in paragraph 18.

19. Plaintiff complied.

**ANSWER:** Defendants admit the allegations set forth in paragraph 19.

20. Plaintiff asked why the officers stopped him.

**ANSWER:** Defendants admit the allegations set forth in paragraph 20.

21. GERARD stated that "the main reason for the stop" was to question Plaintiff about drug use.

**ANSWER:** Defendants deny the allegations set forth in paragraph 21.

22. GERARD placed Plaintiff in the front seat of his squad car and began asking him questions about whether he had drugs or ever sold drugs.

**ANSWER:** Defendants admit that Plaintiff was placed in the front seat of Deputy Gerard's vehicle and that Deputy Gerard questioned Plaintiff about reports the Sheriff's Department had received regarding Plaintiff selling drugs within Pike County.

23. Plaintiff stated that he did not have any drugs or sell drugs.

**ANSWER:** Defendants admit the allegations set forth in paragraph 23.

24. GERARD accused Plaintiff of being defensive.

**ANSWER:** Defendants admit that during his conversation with Plaintiff, Deputy Gerard noted that Plaintiff was acting unusually defensive and evasive.

25. Plaintiff stated that he was becoming frustrated because he had not done anything wrong, and that he did not like being accused of selling drugs.

**ANSWER:** Defendants deny the allegations set forth in paragraph 25.

26. Another officer approached GERARD and stated that the passengers of Plaintiff's car said that Plaintiff had cannabis.

**ANSWER:**   Defendants deny the allegations set forth in paragraph 26.

    27.   This was a lie.

**ANSWER:**   Defendants deny the allegations set forth in paragraph 27.
    28.   Plaintiff again stated that he did not have drugs.

**ANSWER:**   Defendants deny the allegations set forth in paragraph 28.

    29.   GERARD said the fact that Plaintiff was defensive was a sign of guilt.

**ANSWER:**   Defendants deny the allegations set forth in paragraph 29.

    30.   GERARD ordered the other officers present to remove the passengers from Plaintiff's vehicle.

**ANSWER:**   Defendants admit the allegations set forth in paragraph 30

    31.   Officers then searched Plaintiff's vehicle.

**ANSWER:**   Defendants admit the allegations set forth in paragraph 31.

    32.   An officer told GERARD that cannabis seeds had been found on the passenger floorboard of Plaintiff's vehicle.

**ANSWER:**   Defendants deny the allegations set forth in paragraph 32.

    33.   GERARD handcuffed Plaintiff.

**ANSWER:**   Defendants admit the allegations set forth in paragraph 33.

    34.   GERARD ordered Plaintiff's car towed.

**ANSWER:**   Defendants admit the allegations set forth in paragraph 34.

    35.   GERARD then drove Plaintiff to Pike County Jail.

**ANSWER:**   Defendants admit the allegations set forth in paragraph 35.

    36.   During the drive, GERARD told Plaintiff that the police would forget the whole incident if the Plaintiff would become a confidential informant.

**ANSWER:**   Defendants deny the allegations set forth in paragraph 36.

    37.   GERARD told Plaintiff that he had a limited time to decide on this offer and that a lawyer could not be present when Plaintiff made the decision.

**ANSWER:**   Defendants deny the allegations set forth in paragraph 37.

38. When Plaintiff arrived at Pike County Jail, he was strip searched by Defendant-Officer THERESA PERSONETT a female.

**ANSWER:** Defendants admit that a partial strip search of Plaintiff was conducted by Officer Personett. Defendants deny all remaining allegations set forth in paragraph 38.

39. The strip search was partially recorded on video.

**ANSWER:** Defendants admit the allegations set forth in paragraph 39.

40. Plaintiff was then placed on a bench and handcuffed.

**ANSWER:** Defendants admit the allegations set forth in paragraph 40.

41. Plaintiff was given citations for a defective right turn signal, failure to notify the secretary of state of a change of address, possession of drug paraphernalia, and possession of cannabis.

**ANSWER:** Defendants admit the allegations set forth in paragraph 41.

42. GERARD never observed Plaintiff make a right turn.

**ANSWER:** Defendants admit the allegations set forth in paragraph 42.

43. All the charges were dismissed.

**ANSWER:** Defendants admit the allegations set forth in paragraph 43.

44. GERARD acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** Defendants deny the allegations set forth in paragraph 44.

45. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress and other damages.

**ANSWER:** Defendants deny the allegations set forth in paragraph 45.

## COUNT I

### (42 U.S.C. § 1983 - Unreasonable Seizure)

46. Plaintiff re-alleges paragraphs 1 through 45 as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference as if fully set forth herein the responses to the allegations of paragraphs 1 through 45 to Plaintiff's Complaint.

47. Defendant-Officer GERARD did not have a reasonable suspicion, based on specific

5

and articulable facts, that Plaintiff was involved in criminal activity at the time he stopped Plaintiffs car and seized Plaintiff.

**ANSWER:** Defendants deny the allegations set forth in paragraph 47.

48.  The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** Defendants deny the allegations set forth in paragraph 48.

## COUNT II

### (42 U.S.C § 1983 – Unreasonable Search of Person)

49.  Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference as if fully set forth herein the responses to the allegations of paragraphs 1 through 45 to Plaintiff's Complaint.

50.  THERESA PERSONETT strip-searched Plaintiff.

**ANSWER:** Defendants admit that a partial strip search of Plaintiff was conducted by Officer Personett.  Defendants deny all remaining allegations set forth in paragraph 38.

51.  This search violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

**ANSWER:** Defendants deny the allegations set forth in paragraph 51.

## COUNT III

### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

52.  The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants deny the allegations set forth in paragraph 52.

53.  Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant PIKE COUNTY is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

**ANSWER:** Defendants deny the allegations set forth in paragraph 53.

## AFFIRMATIVE DEFENSES

1. Deputy Gerard is entitled to qualified immunity for the allegations set forth against him in Plaintiff's Complaint.
2. Officer Personett is entitled to qualified immunity for the allegations set forth against her in Plaintiff's Complaint.
3. The alleged conduct of the Defendants does not rise to the level of a constitutional violation.
4. The Complaint fails to state a cause of action.
5. The Plaintiff's claims are barred by the applicable statute of limitations in this case.

WHEREFORE, Defendants, PIKE COUNTY, DEPUTY JORDAN GERARD and OFFICER THERESA PERSONETT deny that they are liable to Plaintiff and pray that this Amended Complaint be dismissed with prejudice and with costs assessed against Plaintiff.

Respectfully submitted,

**PIKE COUNTY, DEPUTY JORDAN GERARD & OFFICER THERESA PERSONETT**

By:   s/*Elisha S. Rosenblum*
Elisha S. Rosenblum #6225957
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone:   (847) 291-0200
Fax: (847) 291-0201
e-mail: esrosenblum@okgc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| JORDAN HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2011 CV 3174 |
| | ) | |
| PIKE COUNTY, Pike County Sheriff's | ) | Judge Sue E. Myersough |
| Deputy JORDAN GERARD, and | ) | Magistrate Judge Byron G. Cudmore |
| Pike County Corrections Officer | ) | |
| THERESA PERSONETT, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2011, I electronically filed ***Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Adele D. Nicholas – anicholas@jackowiaklaw.com
Lawrence V. Jackowiak – lawrencejackowiak@jackowiaklaw.com

Respectfully submitted,

**PIKE COUNTY, DEPUTY JORDAN GERARD & OFFICER THERESA PERSONETT**

By:  s/*Elisha S. Rosenblum*
Elisha S. Rosenblum #6225957
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone:  (847) 291-0200
Fax: (847) 291-0201
e-mail: esrosenblum@okgc.com